McIlvaine, J.
The 6th section of the act of April 30,1852, entitled “ An act to provide for the election of prosecuting attorneys, and prescribing their duties ” (S. & O. 1226), reads as follows:
"Sec. 6. That on the application of any prosecuting attorney, during the term of the court of common pleas, or the district court, the court may, if they think necessary, appoint an assistant prosecuting attorney, for whose services the court in which the services shall be rendered shall make such allowance as they shall deem just and reasonable, to be paid out of the county treasury, on the order of the county auditor.”
On the 10th of April, 1856, the general assembly passed an act entitled “ An act in addition to the several acts in relation to the courts of justice and their powers and duties,” the 5th section of which (S. & O. 1153) reads as follows :
“ Seo. 5. Whenever, in the opinion of any judge of the court of common pleas, the public interests shall require it, the said coirrt shall appoint an assistant prosecuting attorney to aid in the prosecution of such offense as to the court shall seem proper, and the county commissioners shall pay for the services of such assistant prosecuting attorney so rendered, such compen, *423 sation as to them shall seem just and proper, and shall be approved by the court.”
This act contains no repealing clause.
The 6th section of the act of 1852 was amended by an act passed April 30,1862 (59 O. L. 77), so as to read as follows: “ That the court of common pleas, or the district court, may, if it think necessary, dirring term of court, appoint an attorney to assist the prosecuting attorney in the trial of any case pending before said court; and the auditor of the county shall draw an order on the treasury of the county in favor of such assistant, in such sum as said court may direct, not greater than twenty-five dollars: Provided, that in counties containing a population greater than one hundred thousand,.no such special allowance shall be made; but the judges of the court of common pleas may appoint an assistant prosecuting attorney, at a yearly salary not exceeding twelve hundred dollars.” And the original sixth section of the act of 1852 was repealed.
The amendatory act of April 30,1862, was repealed by an act passed April 13, 1865, but the amended sixth section of the act of 1852 was therein re-enacted (S. & S. 634), and the-same is now in force.
Under this state of legislation the quéstion is now presented, whether the 5th section of the act of 1856 has been repealed by implication arising from the acts of 1862 ox-1865?
That the legislature did not intend to repeal sec. 5 of the-act of 1856 may be inferx-ed from the following facts :
1st. Its repeal has not been expi-essly declared.
2d. The same exigencies are not provided for in the different statutes; and,
3d. The duty of the court to appoint under the provisions-of the amendatory acts of 1862, or 1865, was not made impei’ative, nor was it declared that an appointment of an assistant' pi’osecuting attorney should not be made otherwise than-under the provisions of the sixth section aforesaid.
The only questions, therefox’e, are: 1st. Are the previsions of said 5th and 6th sections absolutely repugixant ? Or, 2d *424 Does the 6th section revise the whole subject-matter of the 5th, and therefore, of necessity, become a substitute for it?
The rules for the construction of statutes in cases of this kind have been announced frequently by the court, namely: That the doctrine of statutory repeals by implication is not favored, and that such repeals will not be declared unless they are necessarily implied. And that statutes wifari materia should be so construed as to give effect to all their provisions, and if they can be construed so as to stand well to gether, there is no repeal by implication.
The sections under consideration may stand well together The services required of the appointee under the different statutes are not identical. Under the 5th section of the act of 1856, the duty is to “aid in the prosecution of such offense as to the court shall seem proper; ” while under the 6th section of the act of 1852, as amended in 1862 and 1865, it is “to aid the prosecuting attorney in the trial of a case pending before said court? In the former case the service may commence before indictment, and continue until final judgment in the court of last resort; but in the latter case it is limited to the trial before the court making the appointment. Hence we see the design of the legislature to give power to the county commissioners (with the approval of the court) to pay for services in the former ease “ just and proper ” compensation, while in the latter case compensation is not to exceed twenty-five dollars, but must.be “drawn for” by the county auditor as the “ court may direct:”
We conclude that the 5th section of the act of 1856 is in full force.
This conclusion is strengthened by the fact, that the original section six of the act of 1852 was not repealed by the .act of 1856 either expressly or impliedly. That this is so, is clear, not only for reasons above stated, but also because the .appointment under section six could be made only on the application of the prosecuting attorney, and when made, the duties of the appointee were general in their scope, but limited as to the time of performance, while under the act of 1856 the appointment was made by the court, sua sponte, and *425 there is no limitation as to the time of performance, but the duty of the appointee is expressly limited to such “ offense ” as to the court shall seem proper.

Peremptory mwndamus ama/rded.

Scott, C.J., and Welch, White, and Day, JJ., concurred.